# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STAE OF DELAWARE,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NAZIR JOHNSON,** | ) | **I.D. No. 2403000231** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER

This 5th day of May 2026, the Court enters the following Order:

1.      The Defendant was charged by the Grand Jury with Murder First Degree and various related weapons offenses, some of which carried substantial minimum mandatory penalties.[1]

2.      During the pretrial proceedings, the Defendant petitioned the Court to remove his counsel and to proceed *pro se*.  After an appropriate colloquy, the Court granted his motion but admonished him to continue to speak to his previously court appointed attorney for whatever advice he needed prior to trial.[2]  As the trial date approached, it was clear that Defendant and his now stand-by counsel were in fact

---

[1] *State v. Johnson*, Superior Court Criminal Docket, ID No. 2403000231, Docket Item (hereinafter "D.I. _") 1.

[2] D.I. 34.

speaking and perhaps on better terms than they had been at the time of Defendant's *pro se* request. In the face of the ambiguity presented by all this, the Court accorded Defendant his *pro se* status even as the Court permitted his standby counsel to speak on his behalf.

3. In the weeks preceding trial, stand by counsel advised the Court that the Defendant had elected to tender a guilty plea to less than all charges. A hearing was held at which the parties tendered to the Court a guilty plea to Manslaughter and Possession of a Firearm by a Person Prohibited.[3] Further agreements were that "Defendant understands that the minimum/mandatory unsuspended Level V time associated with this plea is 8 years" and the State agreed to "cap its recommendation of unsuspended Level V time at 20 years."[4] At the time the plea was tendered, the Defendant made it clear that it was his desire that the Court not sentence him to more than the eight-year mandatory sentence. A presentence investigation was ordered.[5]

4. The homicide was recorded by a Ring camera of an adjacent residence. The Defendant and another man were suspected of having robbed the victim's friend of a cell phone on a street corner. The victim and his brother went about trying to retrieve the phone from the Defendant and the Defendant's perceived accomplice.

---

[3] D.I. 53.
[4] *Id.*
[5] *Id.*

While there was no audio recording, the Defendant and the victim clearly exchanged some words, and the Defendant pulled out a gun from his pocket and shot the victim. Despite the Defendant's protestations that the shooting was in self-defense, the video did not support this position and in fact, was quite to the contrary.

5.     At sentencing, the State reiterated its request for twenty years in jail. Defendant received a sentence of sixteen years.[6] The Defendant had a prior felony conviction for Reckless Endangering and Possession of a Firearm During the Commission of a Felony. The Court believed that Defendant's prior conviction involving gun violence aggravated the appropriate sentence above the minimum mandatory sentence.

6.     Now the Defendant has filed a *pro se* motion to withdraw his guilty plea. In his motion, Defendant says only that "the purpose of this motion is due to my public defender signing the plea before my consent and me being on a limited schedule to file a motion having court in 4 days (03/27/26)."[7] He says he is "eligible" to file the motion because he is still *pro se*.[8]

---

[6] D.I. 56.

[7] D.I. 57.

[8] *Id.*

7.      Whatever timing rule the Defendant is referring to, he has not set out any basis upon which the Court could hold that he should be permitted to withdraw his guilty plea.  Therefore, the Court **DENIES** his motion to withdraw the plea.

**IT IS SO ORDERED.**


**/s/ Charles E. Butler**

Charles E. Butler, Resident Judge


cc:    Prothonotary
       Jillian Bender, Deputy Attorney General
       Nazir Johnson (SBI # 00641099)